UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Debra Franchi, Individually and As Parent and Guardian of CF** ) ) ) **Plaintiffs** ) ) v. ) **New Hampton School** ) ) **Defendant** ) ) ) ) ) ) | Docket No. 1:08-cv-395-JL |

**DEFENDANT'S ANSWER TO PLAINTIFFS'**
**<u>FIRST AMENDED COMPLAINT</u>**

NOW COMES Defendant, New Hampton School (NHS), by and through its attorneys, and answers the correspondingly-numbered paragraphs in Plaintiffs' First Amended Complaint as follows:

1. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, accordingly, denies the same.

2. Admitted.

3. Paragraph 3 states a legal conclusion to which no response is required.

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required.

6. Admitted.

7. Defendant NHS admits that CF suffered from an eating disorder at the time of her enrollment at the Defendant's School, and is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, accordingly, denies the same.

8. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 8 and, accordingly, denies the same. With respect to the remaining allegations contained in paragraph 8, NHS admits that CF's mother met with School officials regarding her daughter's eating disorder and gave permission to School officials to speak with CF's therapist and denies the remaining allegations contained in this paragraph. By way of further answer, Defendant NHS asserts that School officials advised CF's mother that CF would need to take responsibility for her health and remain in good health in order to remain as a student at NHS.

9. With respect to the allegations contained in paragraph 9 of the Complaint, Defendant NHS states that the handout identified speaks for itself and denies the remaining allegations contained in this paragraph.

10. Defendant NHS admits the allegations contained the first and last sentences of paragraph 10. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and, accordingly, denies the same. By way of further answer, Defendant NHS states that CF's failure to adequately adjust to boarding school life and appropriately handle her eating disorder were matters of concern that were discussed with both CF and her mother; and that within the first few weeks of CF's attendance at NHS, NHS' Director of Counseling was advised by CF's mother that CF had not done well in addressing her eating disorder over the summer and that if CF continued to lose weight, she would need to return to treatment.

11.     With respect to the first sentence of paragraph 11 of the Complaint, Defendant NHS admits that CF's mother requested that NHS weigh CF on a weekly basis and report the results to her. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained this sentence. Defendant NHS admits generally the allegations contained in the second sentence of paragraph 11. With respect to the allegations contained in the third sentence of paragraph 11, Defendant NHS asserts that on several occasions, CF needed to be removed from dance class and taken to the Health Center because she felt ill and was not able to participate. Thereafter, CF was advised that she would not be able to attend dance class until her health improved. The remaining allegations contained in the third sentence of paragraph 11 are denied to the extent that they are inconsistent with the foregoing.

12.     Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 12 of the Complaint and, accordingly, denies the same. By way of further answer, Defendant NHS asserts that during November 2007, NHS had internal discussions regarding CF's failure to adequately address her eating disorder and concluded that CF would need to take a medical leave in order to try to get healthy. With respect to the allegations contained in the third sentence of paragraph 12, Defendant NHS admits that its Director of Counseling concluded that it would be preferable for CF to receive inpatient treatment during the Thanksgiving break as it would cause her miss fewer classes, and denies the remaining allegations contained in this sentence.

13.     With respect to the allegations contained in paragraph 13 of the Complaint, Defendant NHS admits that CF's mother was advised that CF would be permitted to take a medical leave of absence, and denies the remaining allegations contained in this paragraph.

14. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, accordingly, denies the same.

15. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, accordingly, denies the same.

16. With respect to the allegations contained in paragraph 16 of the Complaint, Defendant NHS admits receiving a letter from the CEDC dated December 28, 2007, and admits sending a letter to the Franchis dated January 16, 2008, and states that those letters speak for themselves; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, accordingly, denies the same. By way of further answer, Defendant NHS asserts that CF failed to comply with numerous recommendations set forth in the CEDC letter, as well as <u>requirements</u> set forth in a Wellness Contract which CF and her mother executed dated November 6, 2007.

17. With respect to the allegations contained in paragraph 17 of the Complaint, Defendant NHS admits that CF returned to NHS on January 7, 2008, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, accordingly, denies the same.

18. With respect to the allegations contained in paragraph 18, Defendant NHS admits that CF's mother was told that CF would not be permitted to take another medical leave of absence and denies the remaining allegations contained in this paragraph. By way of further answer, Defendant NHS asserts that CF's schedule during the winter terms was such that her classes were done by approximately 12:30 p.m. and CF and her parents were advised that CF not

be required to participate in afternoon co-curricular activities, which would allow CF both to attend any necessary medical appointments and to catch up in her missed school work.

19. Defendant NHS admits the allegations contained in the first sentence of paragraph 19 of the Complaint. With respect to the allegations contained in the second sentence of paragraph 19, Defendant NHS admits advising CF that she would be responsible for making up work missed during her medical leave of absence and denies the remaining allegations contained in this sentence of paragraph 19. By way of further answer, Defendant NHS asserts that CF was advised that she would have her afternoons free in order to make up missed work.

20. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, accordingly, denies the same. Defendant NHS specifically denies that its policy of requiring CF (and every other student whom missed school work due to a medical leave of absence) to make up missed work is "arbitrary". By way of further answer, Defendant NHS asserts that, upon information and belief, CF was not evaluated by the CEDC Case Manager, or any other counselors or medical personnel relative to her eating disorder from the time of her return to NHS in January 2008 until the time of her medical withdrawal later that month.

21. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, accordingly, denies the same. By way of further answer, Defendant NHS asserts that, upon information and belief, CF was not evaluated by anyone at the Klarman Eating Disorder Center between the time of CF's return of school in January 2008 and the time of her medical withdrawal.

22. With respect to the allegations contained in paragraph 22 of the Complaint, Defendant NHS admits the allegations contained in the first two sentences of paragraph 22,

5

denies the allegations contained in the third sentence of paragraph 22, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of paragraph 22 and, accordingly, denies the same.  By way of further answer, Defendant NHS states that, upon information and belief, during the month of January 2008 when CF was at NHS and her physical condition was deteriorating, CF did not see any members of her outpatient support team.

23.     With respect to the allegations contained in paragraph 23 of the Complaint, Defendant NHS admits the allegations contained in the first sentence of paragraph 23, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained this paragraph and, accordingly, denies the same.  By way of further answer, Defendant NHS states that, upon information and belief, no one at Klarman Eating Disorder Center had evaluated CF during the weeks prior to her medical withdrawal from the Defendant School.

24.     With respect to the allegations contained in paragraph 24 of the Complaint, Defendant NHS admits that on January 24, 2008, its Dean of Students and Director of Counseling advised CF's mother that it was requiring CF to take a medical withdrawal because her health condition had deteriorated to the point where she was a danger to herself, and denies the remaining allegations contained in this paragraph.  By way of further answer, Defendant NHS states that its Director of Counseling spoke by phone with the CEDC Case Manager just prior to CF's withdrawal, described CF's loss of weight and deteriorating condition, and was informed by the CEDC that CF was likely hypoglycemic and that if she had been an inpatient at the time, she would be restricted to no activities whatsoever.

25.     With respect to the allegations contained in paragraph 25 of the Complaint, Defendant NHS admits that it required CF to take a medical withdrawal from the School, which included both the academic and boarding components, admits that it did not agree to allow CF to continue to attend the School as a day student, and denies the remaining allegations contained in this paragraph.  By way of further answer, Defendant NHS states that CF's condition at the time of her withdrawal was such that she presented a serious risk to her own health and welfare during the day as well as at night, and that the Defendant School is not a healthcare center and is not equipped to provide the day-to-day monitoring of CF's health and eating habits.

26.     With respect to the allegations contained in paragraph 26 of the Complaint, Defendant NHS states that its Student Life Handbook speaks for itself and denies the remaining allegations contained in the first three sentences of this paragraph.  Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, accordingly, denies the same.  By way of further answer, Defendant NHS states that, upon information and belief, none of the medical providers referenced in paragraph 26 of the Complaint met with or evaluated CF during the weeks preceding her withdrawal from the Defendant School.

27.     Defendant NHS admits the allegations contained in the first sentence of paragraph 27 of the Complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, accordingly, denies the same. By way of further answer, Defendant NHS states that CF was most certainly not on the road to recovery at the time of her medical discharge, as her weight had dropped precipitously, her vital signs were poor and she had consistently failed to comply both with the requirements of the Contract she had signed in November 2007 and with the written recommendations of the CEDC.

28. Defendant NHS admits the allegations contained in the third sentence of paragraph 28 of the Complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, accordingly, denies the same.

29. Defendant NHS admits the allegations contained in paragraph 29 of the Complaint, except denies the characterization of CF's medical withdrawal as a "discharge" and further states that CF's weight had dropped to a low of 114.5 at the time she was required to take a medical withdrawal.

30. Defendant NHS admits the allegations contained in paragraph 30 of the Complaint but denies the characterization of CF's medical withdrawal as a "discharge". By way of further answer, Defendant NHS states that, despite the fact that their daughter was clearly at risk even at the time of her enrollment at NHS, CF's parents were offered but elected <u>not</u> to enroll in the School's Tuition Refund Plan which would have provided at least a partial refund of the tuition paid.

31. Defendant NHS denies the allegations contained in the second and last sentences of paragraph 31. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint and, accordingly, denies the same.

## **COUNT I**

32. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 31 as set forth above.

33. Paragraph 33 states a legal conclusion to which no response is required.

34. Paragraph 34 states a legal conclusion to which no response is required.

35. Denied.

36. Denied.

## COUNT II

37. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 36 as set forth above.

38. Paragraph 38 states a legal conclusion to which no response is required.

39. Defendant NHS admits that it receives certain funding from the federal government.

40. Denied.

41. Denied.

## COUNT III

42. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 41 as set forth above.

43. Paragraph 43 states a legal conclusion to which no response is required.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT IV

48. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 47 as set forth above.

49. Paragraph 49 states a legal conclusion to which no response is required.

50. Denied.

51. Denied.

## COUNT V

52. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 51 as set forth above.

53. Paragraph 53 states a legal conclusion to which no response is required.

54. Denied.

55. Denied.

## COUNT VI

56. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 55 as set forth above.

57. Paragraph 57 states a legal conclusion to which no response is required.

58. Denied.

59. Denied.

## COUNT VI

60. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 59 as set forth above.

61. Defendant NHS admits the allegations contained in the first sentence of paragraph 61. With respect to the allegations contained in the second sentence, Defendant NHS admits that it has an informational handout entitled "Counseling Services Available" and states that the contents of that brochure speaks for itself.

62. Admitted.

63. Denied.

64. Denied.

65. Admitted.

66. Denied.

## COUNT VIII

67. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 66 as set forth above.

68. Admitted.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT IX

73. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 72 as set forth above.

74. Paragraph 74 states a legal conclusion to which no response is required.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT X

79. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 78 as set forth above.

80. Paragraph 80 states a legal conclusion to which no response is required.

81. Denied.

82. Denied.

83. Denied.

## COUNT XI

84. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 83 as set forth above.

85. Paragraph 85 states a legal conclusion to which no response is required.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## COUNT XII

90. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 89 as set forth above.

91. Denied.

92. Denied.

93. Denied.

## COUNT XIII

94. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 93 as set forth above.

95. Paragraph 95 states a legal conclusion to which no response is required.

96. Denied.

## COUNT XIV

97-103. No response to these paragraphs is required as this Count has been dismissed.

## DAMAGES AND INJURIES

104. Defendant NHS adopts and incorporates by reference its response to paragraphs 1 through 103 as set forth above.

105. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint and, accordingly, denies the same.

106. Defendant NHS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint and, accordingly, denies the same.

107. Paragraph 107 is a statement of the relief requested and, accordingly, no response is required.

108. Denied.

109. Denied.

110. Paragraph 110 is a statement of the relief requested and, accordingly, no response is required.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendant NHS asserts the following Affirmative Defenses:

### First Affirmative Defense

One or more of the Counts set forth in Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Defendant NHS affirmatively denies that it was negligent with respect to the events alleged in Plaintiffs' Complaint.

### Third Affirmative Defense

Defendant NHS denies any and all claims of liability

### Fourth Affirmative Defense

No act of Defendant NHS was a proximate cause of any injury to the Plaintiffs.

### Fifth Affirmative Defense

The Plaintiffs are comparatively at fault under the provisions of RSA 507:7-d.

### Sixth Affirmative Defense

Defendant NHS disputes the nature, extent and effect of the damages the Plaintiffs claim to have suffered.

### Seventh Affirmative Defense

Any recovery by the Plaintiffs must be reduced, in whole or in part, due to Plaintiffs' failure to mitigate their damages.

### Eighth Affirmative Defense

The Plaintiffs are barred from asserting claims against Defendant NHS pursuant to the doctrines of laches and/or unclean hands.

### Ninth Affirmative Defense

As discovery has not yet commenced, Defendant NHS reserves the right to add to this list of Affirmative Defenses upon reasonable notice to the Plaintiffs.

Respectfully submitted,

**NEW HAMPTON SCHOOL**

By Its Attorneys,

**RATH, YOUNG AND PIGNATELLI, P.C.**

One Capital Plaza
Concord, NH 03302-1500
(603) 226-2600
aws@rathlaw.com

October 20, 2009                     By:  /s/ Andrew W. Serell (#2298)
                                          Andrew W. Serell


**CERTIFICATE OF SERVICE**

    I, Andrew W. Serell, hereby certify that the foregoing document was filed with the Court through the ECF system on the 20th day of October, 2009, and service will be made electronically by the Court's system to Peter E. Hutchins, Esquire and Donna-Marie Cote, Esquire.


                                    By:  /s/ Andrew W. Serell
                                          Andrew W. Serell